**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-25514-RAR**

**EDUARDO PEREZ JUNQUERA**,

Petitioner,

v.

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**,

Respondent.
_______________________________________/

## ORDER CLOSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the docket. On August 11, 2026, [1] Petitioner Eduardo Perez Junquera filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], challenging the constitutionality of his detention in the custody of U.S. Immigration and Customs Enforcement. *See generally id.* On August 17, 2026, the Court determined that Petitioner had "not paid the [Clerk's] filing fee, filed a motion to proceed *in forma pauperis*, or requested additional time to do so." Order, [ECF No. 3] at 2 (cleaned up; emphasis in original). The Court granted Petitioner leave to "either pay the Clerk's filing fee of $5.00 or, in the alternative, file a legally sufficient motion to proceed *in forma pauperis*" on or before **August 28, 2026**. *Id.* (emphasis in original). Petitioner was advised that his motion to proceed *in forma pauperis* must "compl[y] with the requirements of Rule 3(a)(2) of the Rules Governing § 2254 Cases." *Id.*; *see also* Rule 1(b), Rules Governing Section 2254 Cases ("The district court may apply [the Rules Governing Section 2254 Cases] to a [§ 2241] habeas corpus

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

petition[.]" (cleaned up)). The Court warned Petitioner that his "[f]ailure to either timely pay the filing fee or file a legally sufficient IFP Motion w[ould] result in the dismissal of the Petition." *Id.* (citing FED. R. CIV. P. 41(b)).

The deadline for Petitioner to resolve the filing fee issue has long passed. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if a party fails to prosecute his or her case or otherwise fails to comply with the court's orders. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))). Accordingly, since Petitioner has failed to resolve the filing fee issue by the August 28, 2026 deadline, this case must be dismissed.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that this case shall be **DISMISSED *without prejudice*** for failure to comply with this Court's orders. *See* FED. R. CIV. P. 41(b). All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 18th day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Eduardo Perez Junquera, *pro se*
counsel of record